IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARJORIE TRAMP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:11CV371 |
| | ) | |
| V. | ) | |
| | ) | |
| **ASSOCIATED UNDERWRITERS, INC.,** | ) | ORDER |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

On June 17, 2013, this Court granted summary judgment in favor of Defendant on Plaintiff's claims of wrongful termination on the basis of age and disability in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. (Filing 70.) Plaintiff appealed the ruling to the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed this Court's dismissal of the ADA claim, but held that Plaintiff's age discrimination claim should have been submitted to the jury for determination. (Filing 85.) Accordingly, the Eighth Circuit remanded this case for further proceedings related to Plaintiff's ADEA claim.

Prior to this Court's issuance of its summary judgment order, Plaintiff served interrogatories and requests for production of documents on Defendant, seeking information regarding the value of Defendant's business operations for the calendar years of 2007 through 2011. Defendant provided answers to these discovery requests on or about March 7, 2013. Following remand, on December 22, 2014, Plaintiff served supplemental interrogatories and requests for production, asking for updated financial information regarding Defendant's business operations. Defendant refused to provide responses to these requests, stating that the time for discovery had closed and that financial information is not relevant to Plaintiff's claim under the ADEA.

Plaintiff now requests that this Court modify the scheduling order, reopen discovery and compel responses to her supplemental discovery requests. (Filing 95.) Plaintiff asserts that the requested financial information, which includes tax returns, security interest

statements, promissory notes, and profit/loss statements, is relevant to her damage claim, and that Defendant will be able to easily produce the requested information before the April 21, 2015, trial date.

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Roberts v. City of Omaha*, No. 8:11CV129, 2014 WL 4161993, *2 (D. Neb. Aug. 20, 2014) (quotation omitted). However, "[m]ere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. *Id*. Moreover, with respect to tax returns, a heightened showing of relevance and necessity is required. *Home Instead, Inc. v. Florance*, No. 8:12CV264, 2013 WL 5979629, *9 (D. Neb. Nov. 8, 2013). Before such discovery is permitted, the moving party must establish that the tax returns are relevant to the dispute. *Id*. "If relevancy is shown, the responding parties must produce the returns unless they show there is no compelling need for production." *Id*.

Plaintiff has not articulated how the requested financial records are relevant to her ADEA claim. Plaintiff cannot recover punitive damages under the ADEA, and Plaintiff has identified no persuasive reason why Defendant's financial records would have any bearing on the remaining issues in this case. See *Williams v. Valentec Kisco, Inc.*, 964 F.2d 723, 729 (8th Cir. 1992). Therefore, Plaintiff's request that this Court modify the scheduling order, reopen discovery and compel responses to her supplemental discovery requests will be denied.

**IT IS ORDERED** that Plaintiff's Motion to Modify Scheduling Order, Reopen Discovery and Compel Responses (filing 95) is denied.

**DATED March 5, 2015.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**

2