IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARJORIE TRAMP,<br><br>               Plaintiff,<br><br>vs.<br><br>ASSOCIATED UNDERWRITERS, INC.,<br><br>               Defendant. | 8:11CV371<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the Defendant's Motion in Limine (Filing No. 103). Defendant Associated Underwriters, Inc., asks the Court to preclude the Plaintiff Marjorie Tramp from offering evidence or argument on the following subjects:

    1. Tramp's alleged disability or impairment, including but not limited to her scheduled knee surgery;

    2. The NEOC's "reasonable cause" finding dated March 18, 2011, and any evidence from the NEOC investigation file;

    3. Tramp's emotional pain or suffering;

    4. Punitive damages;

    5. Any general allegations of a pattern or practice, culture, or history of age discrimination on the part of Defendant, or any specific allegations of age discrimination made by Defendant's employees not similarly situated to Plaintiff;

    6. Age-related remarks allegedly made to Tramp by Defendant's employees who were not decision-makers; and

    7. Former non-party employees' testimony regarding Tramp's skills, work performance, or character.

The parties have submitted briefs (Filing Nos. 104, 112) and Indexes of Evidence (Filing Nos. 105, 113) in support of their respective positions.

First, Tramp argues that the Defendant's Motion in Limine should be denied in its entirety, because it is untimely. Tramp notes that the Court's Amended Order Setting Final Schedule for Progression of Case (Filing No 32) required motions in limine not challenging expert testimony to be filed on or before June 14, 2013. Following remand by the Eighth Circuit, a new progression order was issued (Filing No. 93) setting dates for the pretrial conference and trial, and requiring that the parties file motions to alter any other established dates. *Id.* at 2. The Defendant filed no such motion seeking a new deadline for the filing of motions in limine. While Tramp's point is well-taken, the history of this case demonstrates that both this Court and the Eighth Circuit "exercised lenity" when Tramp failed to comply with local rules of the Court. *See Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 800 (8th Cir. 2014). This Court will exercise similar lenity and entertain the Defendant's Motion in Limine.

Second, Tramp argues that the Defendant's motion seeks blanket exclusions of evidence and that it is more appropriate for a court to deal with such evidence and objections at the time of trial, especially in light of the heavy burden a plaintiff bears to prove pretext in a case such as this. Again, Tramp's point is well-taken, but there are certain categories of evidence the Defendant seeks to preclude that this Count considers inadmissible. In the interest of judicial economy, and to assist the parties in their trial preparation, the Court will grant the Defendant's motion in part, precluding the offering of such evidence, and will deny the remainder of the motion without prejudice to the Defendant asserting its objections at trial.

Accordingly,

IT IS ORDERED:

The Motion in Limine (Filing No. 103) submitted by Defendant Associated Underwriters, Inc., is granted in part, as follows:

Plaintiff Marjorie Tramp is precluded, in limine, from offering evidence or argument at trial concerning:

    a. The NEOC's "reasonable cause" letter dated March 18, 2011, or any other findings or conclusions by any NEOC investigator;

    b. The Plaintiff's emotional pain and suffering;

    c. Punitive damages; and

The Motion is otherwise denied, without prejudice to Defendant's assertion of objections at the time of trial.

Dated this 4th day of June, 2015.

                BY THE COURT:

                s/Laurie Smith Camp
                Chief United States District Judge