IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARJORIE TRAMP,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATED UNDERWRITERS, INC.,<br><br>Defendant. | 8:11CV371<br><br>MEMORANDUM AND ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS |

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees and Costs (Filing No. 142). Plaintiff Marjorie Tramp ("Tramp") has submitted an Index of Evidence (Filing No. 144) and Supplemental Index (Filing No. 150) in support of the Motion, seeking attorney's fees in the amount of $151,688.00 and costs in the amount of $6,772.12, for an award of fees and costs in the sum of $158,460.12.

Defendant Associated Underwriters, Inc., ("Associated Underwriters") does not dispute that Tramp is entitled to an award of attorney's fees and costs as a prevailing party under the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 626, *et seq.*). Nor does Associated Underwriters dispute that the hourly rates charged by Tramp's lawyers, paralegals, and law clerks are reasonable. Associated Underwriters does suggest that the amount requested by Tramp should be reduced due to (1) overbilling or duplication, (2) charges for administrative or clerical work, (3) inadequate record-keeping, (4) billing for work done with respect to claims on which Tramp did not prevail, and (5) claims for costs that are improper or duplicative.

## BACKGROUND

Tramp's employment with Associated Underwriters was terminated on February 3, 2009. She filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age and disability, and received a right-to-

sue letter from the EEOC on July 28, 2011.  She then engaged John Weis as her legal counsel, and he represented her throughout these proceedings.  Her Complaint (Filing No. 1) alleged harassment, retaliation, and termination based on age, race, disability, and sex, in violation of Title VII of the Civil Rights Act (42 U.S.C. § 2000e-5), the Americans with Disabilities Act, 42 U.S.C. §§ 12102. ("ADA"), 42 U.S.C. § 1981, and the ADEA.

During the discovery phase of litigation, Tramp abandoned her Title VII claims based on sex and race discrimination. Associated Underwriters moved for summary judgment on the remaining ADA and ADEA claims on March 15, 2013.  In Plaintiff's brief in opposition to Associated Underwriters' motion for summary judgment (Filing No. 53), Tramp's attorney failed to follow this Court's local rule NECivR 56.1(b)(1), and did not respond to Associated Underwriters' separately numbered material facts. Accordingly, those facts were deemed admitted, and the Court granted summary judgment for Associated Underwriters on Tramp's ADA and ADEA claims.  Tramp appealed to the U.S. Court of Appeals for the Eighth Circuit, which affirmed the summary judgment with respect to the ADA claim, but reversed and remanded on the ADEA claim, exercising "lenity" in its consideration of Tramp's statement of facts despite her attorney's failure to follow the local rule.  *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 798–800 (8th Cir. 2014).

A jury trial began on June 16, 2015, and continued to June 19, 2015, when the jury reached a verdict in favor of Associated Underwriters on Tramp's ADEA discrimination claim, but in Tramp's favor on her ADEA retaliation claim in the amount of

$128,680.78, and determined that Associated Underwriters' conduct was willful. (Filing No. 130).

## STANDARD OF REVIEW

> "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," although a district court has discretion to adjust the fee to account for other considerations, such as the nature of the results obtained. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."

*Miller v. Dugan*, 764 F.3d 826, 830-31 (8th Cir. 2014) (internal citations omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 & 437 (1983)).

"[T]he prevailing market rates in the relevant community" serve as the district court's guide in determining what is a "reasonable" hourly rate. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 (1984)). "[A] reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt,* 272 F.3d 1042, 1047 (8th Cir. 2001)). In civil rights cases, "a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue*, 559 U.S. at 552. "[W]hen fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates." *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005).

Courts may reduce attorney hours and fees for duplication or inefficiency where more than one attorney is used. *A.J. by L.B. v. Kierst*, 56 F.3d 849, 864 (8th Cir. 1995). "Time spent by two attorneys on the same general task is not, however, *per se*

3

duplicative" and "[c]areful preparation often requires collaboration and rehearsal." *Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848, 860 (1st Cir. 1998).

"In all events, 'hours that are excessive, redundant, or otherwise unnecessary' must be excluded." *El-Tabech v. Clarke*, 616 F.3d 834, 842 (8th Cir. 2010) (quoting *Hensley*, 461 U.S. at 434).

"[R]easonable out-of-pocket expenses of the kind normally charged to clients by attorneys" are included in a reasonable attorneys' fee award. *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294–95 (8th Cir. 1996).

## DISCUSSION

As noted above, Associated Underwriters does not object to the hourly rates charged by John Weis, other attorneys with whom he consulted, his paralegals, and his law clerks. This Court specifically finds that the hourly rates charged by the lawyers ($300.00) and by the paralegals and law clerks ($80.00) are consistent with prevailing market rates in the Omaha community for similar services and are reasonable.

While four other attorneys provided assistance to John Weis, the billing for such attorneys' time was minimal. A total of 19.8 hours was billed for assistance by other lawyers, and the Court finds no indication of duplication or inefficiency suggesting that the time billed by these lawyers should be reduced on that basis.

Tramp achieved excellent success in this case, recovering all lost wages and obtaining an award of liquidated damages. It is fair to say, as Tramp asserts in her brief, that she "received everything for which she asked." (Filing No. 143 at 17.) But that is not to say that all hours billed by counsel were necessary or reasonably expended, or that all costs claimed should be awarded.

*I. Overbilling or Duplication*

Associated Underwriters contends that Tramp's attorney did not exercise any billing discretion to eliminate excessive or duplicate entries. It suggests that Tramp's attorney's fee request should be reduced by thirty percent due to excessive and duplicate billing. In response, Tramp's attorney asserts that he reviewed his billing statements on a monthly basis to eliminate excessive or duplicate entries and that he has not included all time expended in his billing statements.

Of some concern is the fact that Tramp's attorney failed to follow this Court's local rules, leading to a summary judgment, and necessitating an appeal and the need for counsel to prepare for trial on *two* occasions—the original trial setting of July 16, 2013, before the summary judgment, and the final setting of June 16, 2015. Of similar concern is the fact that Tramp's counsel seeks reimbursement for his admission fee to the bar of the Eighth Circuit, and payment for the time he spent seeking admission.

It is not reasonable for Associated Underwriters to pay its own attorneys for time expended on the summary judgment motion, the appeal, and two trial preparation periods, and also pay Tramp's attorney for his time expended on the summary judgment motion, the appeal, and two trial preparation periods, when the appeal and the second trial preparation likely would have been unnecessary had Tramp's counsel followed this Court's local rules. It is also not reasonable for Associated Underwriters to bear the cost of Tramp's lawyer's admission to the bar of the Eighth Circuit, which should be viewed as a general overhead expense for a lawyer practicing in federal court in this circuit, and should be of continuing value to him in his practice.

While an equitable adjustment cannot be made with surgical accuracy, a downward adjustment in the number of hours claimed by Tramp's counsel is warranted, and will be discussed further in section IV, below.

*II.  Charges for Administrative or Clerical Work*

Associated Underwriters suggests that Tramp's counsel has billed time for clerical functions such as copying trial exhibits and preparing exhibit notebooks.  While Tramp's counsel states, "Plaintiff argues that the billing statements provided in support of Plaintiff's Motion for Attorney's Fees and Costs do not include billing charges for clerical duties," (Plaintiff's Reply Brief, Filing No. 149 at 3), he does not respond to Associated Underwriter's specific complaint—the fact that the timesheet states that counsel billed four hours ($1,200.00) for copying exhibits and preparing three trial exhibit notebooks.  (Index of Evidence, Filing No. 144-8 at 13).  Accordingly, $1,200.00 will be deducted from the award of attorney's fees.

*III.  Inadequate Record-keeping*

Associated Underwriters suggests that Tramp's counsel failed to identify the work performed with adequate specificity.  The Court has reviewed the entries and disagrees.  Tramp's request for attorney's fees will not be reduced on that basis.

*IV. Billing for Work Done with Respect to Claims on which Tramp Did Not Prevail*

While facts related to Tramp's ADEA retaliation claim (on which she was successful) were closely related to her ADEA discrimination claim (on which she was not successful) those facts were only loosely related to her ADA claim (on which she was not successful) and other claims that she abandoned during discovery.  Based on the billing records submitted, it is not possible to parse out the time spent by Tramp's

6

lawyers, paralegals, and law clerks on researching or briefing her ADA claim, or the claims she abandoned.

Tramp's counsel suggests that a reduction of ten percent of time billed before the Eighth Circuit opinion was rendered would fairly reflect the proportion of time devoted to claims on which Tramp did not prevail. (Plaintiff's Reply Brief, Filing No. 149 at 4). The Court agrees, but also finds that a further ten-percent reduction is warranted because the time Tramp's attorney devoted to her appeal and duplicative trial preparation was necessitated in large part by his failure to follow the local rules of this Court. Accordingly, the Court will reduce by twenty percent the time Tramp's counsel billed before the Eighth Circuit opinion was rendered. In doing so, the Court considers the time billed by Tramp's counsel and the professionals who assisted him during his association with Sodoro, Daly, Shomaker & Selde P.C., L.L.O., totaling $84,036.00 (*see* Filing No. 144-7), and the time billed by Tramp's counsel during his association with Wolfe, Snowden, Hurd, Luers & Ahl, LLP, through October 2014, totaling $6,510.00 (*see* Filing No. 144-8) for the sum of $90,546.00. Twenty percent of that figure ($18,109.20) will be deducted from the attorney's fee claimed by Tramp's counsel ($151,688.00) reducing the fee to $133,578.80. Further reductions of $1,200.00 and $180.00 will be made for the time spent on clerical functions and application for admission to the bar of the Eighth Circuit, for a net fee of $132,198.80.

### V. Claims for Costs that are Improper or Duplicative.

Tramp's counsel acknowledges that he claimed duplicative costs in the Bill of Costs (Filing No. 140) and in the Index of Evidence (Filing No. 144-7 at 44–45 and Filing No. 144-8 at 14–15) seeking non-taxable costs. A review of the filings indicates

that all costs sought in Filing No. 144 are also reflected in Filing No. 140, seeking $6,772.12.[1] The Clerk of the Court denied Tramp's Bill of Costs as untimely. (*See* text order at Filing No. 153.) The Court concludes that the costs sought by Tramp's counsel are of the nature that would ordinarily be billed by an attorney to a client, with the exception of the admission fee to the Eighth Circuit ($216.00) and the witness luncheon on June 30, 2015 ($34.00). The Court will subtract these amounts from $6,772.12, and allow $6,522.12 in costs.

## CONCLUSION

Tramp's attorney achieved an excellent result on his client's behalf, and she should be awarded an attorney's fee in the amount of $132,198.80, as well as costs in the amount of $6,522.12.

IT IS ORDERED:

    1. Plaintiff's Motion for Attorney's Fees and Costs (Filing No. 142) is granted in part as follows:

        Plaintiff Marjorie Tramp is awarded an attorney's fee in the amount of $132,198.80 and costs in the amount of $6,522.12; and

the motion is otherwise denied.

Dated this 16th day of October, 2015.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              Chief United States District Judge

---

[1] Tramp's counsel seeks costs expended during his association with Wolfe, Snowden, Hurd, Luers & Ahl, LLP, totaling $1,123.99, less refunds of $54.91, for a net amount of $1,069.08, and costs expended during his association with Sodoro, Daly, Shomaker & Selde, P.C., L.L.O., in the amount of $5,749.04, totaling $6,818.12. While that exceeds the amount claimed in the Bill of Costs by $46.00, the Court cannot discern the reason for the discrepancy based on the information provided.