# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARJORIE TRAMP,<br><br>   Plaintiff,<br><br>  v.<br><br>ASSOCIATED UNDERWRITERS, INC.,<br><br>   Defendant. | 8:11CV371<br><br>Order |

  This matter is before the court on the Motion to Compel Production of Documents ([Filing No. 158](#)) and Motion for Leave to Serve Additional Post-Judgment Interrogatories ([Filing No. 161](#)) filed by the plaintiff, Marjorie Tramp. For the reasons that follow, the court will deny the motion to compel and grant the motion for leave to serve additional interrogatories.

## BACKGROUND

  On June 19, 2015, a jury returned a verdict in favor of Tramp on her claim for retaliation under the Age Discrimination in Employment Act ("ADEA") ([29 U.S.C. § 626](#), et seq.) against Associated Underwriters, Inc. ("AU"). ([Filing No. 130](#)). Judgment was entered in favor of Tramp on June 22, 2015, in the amount of $257,361.56, plus post-judgment interest at the rate of .27 percent per annum. ([Filing No. 135](#)). On October 16, 2015, Plaintiff was also awarded $132,198.80 in attorney's fees and $6,522.12 in costs. ([Filing No. 154](#)). AU asserts Tramp has been provided hundreds of pages of documents confirming AU has no assets to pay Tramp's judgment. ([Filing No. 169 at p. 3](#)). The present motions concern Tramp's post-judgment discovery in aid of execution of the judgment.

  On November 25, 2015, Tramp served post-judgment requests for production of documents on AU. ([Filing No. 160-3](#)). Tramp requested AU's financial statements, including balance sheets, from 2009 until the present. (Filing No. [Filing No. 160-3 at p.](#)

4). Tramp asserts the documents produced by AU on January 8, 2016, were incomplete and did not contain a balance sheet for June 30, 2014. (Filing No. 158).

On February 25, 2016, Tramp served AU a notice of intent to issue subpoena duces tecum pursuant to Rule 45 of the Federal Rules of Civil Procedure on four banks and on Relinco, Inc. ("Relinco"), all non-parties. (Filing No. 157). Relinco is a registered trade name of AU and was formerly the "breadwinn[ing]" division of AU that "made all of the money at [AU]." (Filing No. 160-7; Filing No. 167-1 at CM/ECF p. 51). Greg Gurbacki, the president and owner of AU, filed Relinco's articles of incorporation. (Filing No. 160-8 at pp. 1-4). The subpoena to Relinco seeks its corporate bylaws and amendments, corporate and shareholder meeting minutes, balance sheets, monthly account statements, general ledgers, chart of accounts, trial balances for every account listed on each general ledger, income and expense statements, all documents listing sources of income, including client or customer lists from the years 2011 to 2016, all documents created in the initial organization of the corporation and operation of the corporation prior to 2011, and all documents evidencing the ownership of proprietary rights to the trade name Relinco or the service mark of Relinco. (Filing No. 157 at p. 2). Relinco and AU objected to the subpoena on the bases that the requests were overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence. (Filing No. 160-2). Tramp filed the motion to compel seeking an order compelling Relinco to produce documents responsive to the subpoena and an order compelling AU to produce its balance sheet for June 30, 2014. (Filing No. 158).

Tramp also filed a motion for leave to serve additional interrogatories. (Filing No. 161). Tramp served post-judgment interrogatories on AU on November 25, 2015. (Filing No. 161). On January 8, 2016, AU returned its responses to Tramp's interrogatories, objecting to each interrogatory beyond Interrogatory No. 5(f) because Tramp had exceeded the maximum number of permissible interrogatories. (Filing No. 163-2). Tramp requests permission to serve AU sixteen (16) additional numbered interrogatories, or forty (40) total interrogatories including subparts. (Filing No. 163-1).

**DISCUSSION**

Under Rule 69(a) of the Federal Rules of Civil Procedure, a judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person, including the judgment debtor. Fed. R. Civ. P. 69(a)(2). Discovery devices in the state and federal court systems include, but are not limited to, debtor's examinations, depositions upon oral examination or written questions, written interrogatories, requests for the production of documents or things, permission to enter upon land or other property for inspection and other purposes, physical and mental examinations, requests for admission, and subpoenas. *United States v. Johnson*, No. 8:09CV146, 2010 WL 1949680, at *1 (D. Neb. May 14, 2010).

The law allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment, and the plaintiff " 'is entitled to a very thorough examination of the judgment debtor.' " *Credit Lyonnais, S.A. v. SGC Intern. Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). "The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1); see Neb. Rev. Stat. §§ 25-1564 through 25-1580.

### I.    Motion to Compel

Tramp's motion to compel requests this court compel AU to produce its balance sheet as of June 30, 2014. (Filing No. 158). AU has now provided the requested balance sheets to Tramp. (Filing No. 170 at p. 1). Therefore, the court denies as moot the motion to compel as to AU.

AU objects to Tramp's motion to compel production of documents on behalf of Relinco. "[An] adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested." *Jenkins v. Pech*, No. 8:14CV41, 2015 WL 728305, at *3 (D. Neb. Feb. 19, 2015). AU has not asserted a personal privilege in the information requested from Relinco and is therefore

limited to objecting to the subpoena's relevance. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (A party has standing to move for a protective order if a third-party subpoena seeks irrelevant information). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery, in aid of execution of a judgment, into the assets of a nonparty to a suit is permissible where the relationship between the judgment debtor and the nonparty "is sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). "[A]sset discovery should be tailored to the specific purpose of enabling a judgment creditor to discover assets upon which it can seek to execute a judgment and that the judgment debtor's discovery should not devolve into a fishing expedition for irrelevant or cumulative information which does not advance that purpose." *E.I. DuPont deNemours & Co. v. Kolon Indus., Inc.,* 286 F.R.D. 288, 292 (E.D. Va. 2012). In Nebraska, a creditor may levy execution on assets "transferred, concealed, or removed with intent to hinder, delay, or defraud creditors[.]" *See* Neb. Rev. Stat. §§ 36-703 to 36-708. "A conveyance in fraud of creditors may be effected by the organization of a corporation and the transfer of property to it with intent to hinder, delay, or defraud creditors." *First Nat. Bank of Omaha v. First Cadco Corp.*, 203 N.W.2d 770, 778 (Neb. 1973).

The relationship between Relinco and AU raises some doubts as to the bona fides of the transfer of assets. AU sold Relinco for $300,000, on December 1, 2011, less than two months after Tramp filed her complaint. (Filing No. 171-1; Filing No. 1). The $300,000 sales price was carried by AU as an account receivable until June 30, 2014. Gurbacki, AU's president and sole shareholder, filed Relinco's articles of incorporation. Additionally, Relinco is a registered trade name of AU. (Filing No. 160-8 at pp. 1-4; Filing No. 160-7). Tramp should be permitted to perform some discovery with respect to the formation of Relinco and any transfer of AU's assets to Relinco to determine whether Relinco was formed with intent to hinder, delay, or defraud creditors, to the extent that

such discovery has not already been provided to Tramp. However, without more evidence or factual details tending to demonstrate that AU fraudulently transferred its assets to Relinco with the intent to hinder or delay creditors, the documents requested in the subpoena to Relinco are not relevant at this time. Tramp broadly seeks Relinco's corporate bylaws and amendments, corporate and shareholder meeting minutes, balance sheets, monthly account statements, general ledgers, chart of accounts, trial balances for every account listed on each general ledger, income and expense statements, and all documents listing sources of income, including client or customer lists from the years 2011 to 2016. If, at a later time, Tramp is able to make a threshold showing of some sort of fraudulent intent in the formation of Relinco, the court will reconsider Tramp's requests for documents related to Relinco's assets. Therefore, the court will deny Tramp's motion to compel as to Relinco.

## II.  Motion for Leave to Serve Additional Interrogatories

Tramp requests permission to serve AU sixteen (16) additional numbered interrogatories, or forty (40) total interrogatories including subparts. ([Filing No. 163-1](#)). Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2). [Fed. R. Civ. P. 33](#). In general, Tramp's proposed additional interrogatories request information about AU's finances, property interests, property transfers, debts, and lenders. ([Filing No. 163-1](#)). AU argues the answers to Tramp's interrogatories can be found in documents currently in Tramp's possession. In reviewing Tramp's proposed interrogatories, the court finds good cause exists to expand the number of permissible interrogatories to include the proposed interrogatories. To the extent that the information sought by Tramp is available in documents given to her during the pretrial litigation investigation, AU may incorporate those documents by reference in its answers.

Accordingly, the court grants Tramp's motion for leave to serve additional interrogatories on AU.

### III. Quashing Further Discovery

Finally, AU argues in its brief that Tramp's April 4, 2016, notice ([Filing No. 166](#)) of intent to issue subpoena duces tecum on five nonparty insurance companies, Roll the Bones, LLC, and Farmers National Company, should be quashed. ([Filing No. 169 at pp. 4-7](#)). Although AU filed a notice of service on Tramp's counsel of written objections to the subpoena ([Filing No. 168](#)), there is no motion pending before this court related to any unresolved objections to Tramp's April 6, 2016, notice of intent to issue subpoena. Under this court's local rules, "[n]o subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections. Any unresolved objections will be resolved by the court on appropriate motion filed in accordance with NECivR [7.1.](#)" NECivR [45.1](#)(b); see also [Fed. R. Civ. P. 45](#). As no appropriate motion has been filed, the court finds it unnecessary to address AU's arguments at this time. The parties are instructed to meet and confer to attempt to resolve any objections to discovery not addressed in this order before filing an appropriate motion. Accordingly,

**IT IS ORDERED:**

1. Tramp's Motion to Compel Production of Documents ([Filing No. 158](#)) is denied.
2. Tramp's Motion for Leave to Serve Additional Post-Judgment Interrogatories ([Filing No. 161](#)) is granted.

**DATED: May 24, 2016.**

                                        **BY THE COURT:**

                                        s/ F.A. Gossett
                                        **United States Magistrate Judge**