IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARJORIE TRAMP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **8:11CV371** |
| | ) | |
| **ASSOCIATED UNDERWRITERS, INC.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the Motion to Compel Production of Documents (Filing No. 177) filed by the plaintiff, Marjorie Tramp. The motion concerns Tramp's continued post-judgment discovery in aid of execution of a judgment she was awarded for her claim for retaliation under the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 626, et seq.) against Associated Underwriters, Inc. ("AU").

Previously, the court stated Tramp should be permitted to perform some post-judgment discovery with respect to the formation of the nonparty Relinco Inc., and any transfer of AU's assets to Relinco to determine whether Relinco was formed by AU's sole shareholder, Greg Gurbacki, with intent to hinder, delay, or defraud AU's creditors. However, the court found Tramp's requests related solely to Relinco's assets were overbroad. (Filing No. 173 at pp. 4-5). Tramp has filed the instant motion seeking permission to submit subpoenas duces tecum to Relinco and additional nonparty entities that Tramp asserts are controlled by and/or owned in whole or in part by Gurbacki, in order to discover assets upon which she can seek to execute her judgment against AU.

As previously noted by the court, Rule 69(a) of the Federal Rules of Civil Procedure permits a judgment creditor to obtain discovery from any person. Fed. R. Civ. P. 69(a)(2). The law allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment, and the plaintiff "is entitled to a very thorough examination of the judgment debtor." *Credit Lyonnais, S.A. v. SGC Intern. Inc.*, 160 F.3d 428, 430 (8th Cir.

1998)(internal quotation marks omitted).  Discovery, in aid of execution of a judgment, into the assets of a nonparty to a suit is permissible where the relationship between the judgment debtor and the nonparty "is sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them."  *Credit Lyonnais,* 160 F.3d at 431.  In Nebraska, a creditor may levy execution on assets "transferred, concealed, or removed with intent to hinder, delay, or defraud creditors[.]"  See Neb. Rev. Stat. §§ 36-703 to 36-708; *First Nat. Bank of Omaha v. First Cadco Corp.*, 203 N.W.2d 770, 778 (Neb. 1973) ("A conveyance in fraud of creditors may be effected by the organization of a corporation and the transfer of property to it with intent to hinder, delay, or defraud creditors.").

Tramp requests permission to issue document subpoenas to the following nonparties controlled by and/or owned in whole or in part by Gurbacki: Relinco, C-Notes, LLC; 9412 Giles, LLC; Farmers National Company; C-Tek Insurance Agency, Inc. (formerly Gurbacki Insurance Services, Inc.); Centris Federal Credit Union; and Roll the Bones, LLC.  (Filing No. 177).  Tramp believes that Gurbacki has "directed these entities to act in concert to manipulate income, assets, expenses, and liabilities for the purpose of evading [AU's] creditors."  (Filing No. 178 at p. 1).

The court concludes that Tramp has presented sufficient evidence regarding AU's relationship with the nonparty entities and the chronology of their formation, organization, and asset transfers to raise a reasonable doubt about the bona fides of the transfer of assets between them.  In general, Tramp's document requests seek formation documents, asset transfer documents to or from AU, agreements with AU, and other documents regarding debts or payments owed to or from AU.  (See Filing No. 179-3 and Filing No. 179-4). Tramp's document requests appear reasonably tailored to discover information relevant to its allegations that AU fraudulently transferred to the nonparty entities assets upon which Tramp can seek to execute her judgment.  See *E.I. DuPont deNemours & Co. v. Kolon Indus., Inc.,* 286 F.R.D. 288, 292 (E.D. Va. 2012)("[A]sset discovery should be tailored to the specific purpose of enabling a judgment creditor to discover assets upon which it can seek to execute a judgment and that the judgment debtor's discovery should not devolve

into a fishing expedition for irrelevant or cumulative information which does not advance that purpose."). To be clear, the court is not concluding at this time that Tramp will be able to execute the judgment against any of the nonparty entities, and AU's arguments regarding corporate identity are well-taken. Rather, the court simply concludes that Tramp should be permitted to conduct limited post-judgment discovery relevant and probative to Tramp's allegations of concealment or fraudulent transfer of AU's assets to avoid paying the judgment in this case. "[T]he presumption should be in favor of full discovery of any matters arguably related to [a judgment creditor's] efforts to trace [a judgment debtor's] assets and otherwise to enforce its judgment." *Credit Lyonnais*, 160 F.3d at 431. Accordingly,

**IT IS ORDERED:** Tramp's Motion to Compel Production of Documents (Filing No. 177) is granted.

**DATED: January 5, 2017**

                                       **BY THE COURT:**

                                       s/ **F.A. Gossett**
                                       **United States Magistrate Judge**